IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KELLY E. F.,[1]         )
                        )
         Plaintiff,     )
                        )
vs.                     ) Case No. 18-cv-989-CJP[2]
                        )
COMMISSIONER of SOCIAL  )
SECURITY,               )
                        )
         Defendant.     )

## MEMORANDUM and ORDER

In accordance with 42 U.S.C. § 405(g), plaintiff, represented by counsel, seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## Procedural History

Plaintiff applied for benefits in April 2014, alleging disability beginning on February 14, 2014. After holding an evidentiary hearing, ALJ Vicky Ruth denied the application on June 5, 2017. (Tr. 13-27). The Appeals Council denied review, and the decision of the ALJ became the final agency decision subject to judicial review. (Tr. 1).

Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## Issue Raised by Plaintiff

---

[1] In keeping with the court's recently adopted practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 10.

1

Plaintiff raises the following point:

1. Whether the ALJ erred by failing to account for deficits of concentration, persistence, or pace in the residual functional capacity finding.

## **Applicable Legal Standards**

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. In this context, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the

> impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011).

Stated another way, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-513 (7th Cir. 2009); *Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir. 1992).

If the answer at steps one and two is "yes," the claimant will automatically be found disabled if he or she suffers from a listed impairment, determined at step three. If the claimant does not have a listed impairment at step three, and cannot perform his or her past work (step four), the burden shifts to the Commissioner at step five to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984). *See also Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (Under the five-step evaluation, an "affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled.... If a claimant reaches step 5, the burden shifts to the ALJ to

establish that the claimant is capable of performing work in the national economy.").

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### **The Decision of the ALJ**

ALJ Ruth followed the five-step analytical framework described above. She determined that plaintiff had not been engaged in substantial gainful activity since

4

the alleged onset date and that she was insured for DIB through June 30, 2019. The ALJ found that plaintiff had severe impairments of degenerative disc disease with lumbar radiculopathy, tremor, migraine headaches, trigeminal neuralgia, atypical facial pain, obesity, generalized anxiety disorder, and major depressive disorder.[3] She determined that these impairments did not meet or equal a listed impairment. At this step, the ALJ determined that plaintiff had moderate difficulties in ability to maintain concentration, persistence or pace and moderate limitations in interacting with others. (Tr. 17-18).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to do sedentary word, except that she can "no more than occasionally climb ladders, ropes, or scaffolds; can no more than occasionally climb ramps or stairs; can no more than frequently balance, stoop, kneel, crouch, or crawl; can no more than frequently handle or finger; must avoid concentrated exposure to dangerous machinery, unprotected heights, and pulmonary irritants, such as fumes, odors, dust, and gas; limited to simple routine tasks with no more than occasional interaction with the public and supervisors; and can perform work at the moderate noise level."

Based upon the testimony of a vocational expert, the ALJ found that plaintiff could not perform her past work. However, she was not disabled because she was capable of performing other jobs that exist in significant numbers in the national

---

[3] "Trigeminal neuralgia is a chronic pain condition that affects the trigeminal nerve, which carries sensation from your face to your brain. If you have trigeminal neuralgia, even mild stimulation of your face — such as from brushing your teeth or putting on makeup — may trigger a jolt of excruciating pain." https://www.mayoclinic.org/diseases-conditions/trigeminal-neuralgia/symptoms-causes/syc-20353344, visited on December 13, 2018.

economy.

## The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to the point raised by plaintiff and is confined to the relevant time period.

1. **Agency Forms**

Plaintiff was born in 1978 and was almost 36 years old on the alleged date of disability. (Tr. 189). She had worked at jobs such as human resources clerk, invoice clerk, dispatcher, and hotel desk clerk. (Tr. 210).

2. **Evidentiary Hearing**

Plaintiff was represented by an attorney at the evidentiary hearing in May 2017. (Tr. 35).

Plaintiff testified regarding her impairments, symptoms, and activities. (Tr. 39-47).

A vocational expert also testified. The ALJ asked her a hypothetical question that corresponded to the ultimate RFC findings. The VE testified that this person could not do any of plaintiff's past relevant work, but she could do other jobs such as patcher (household appliance industry), eyeglass frame polisher, and table worker (fabricated products industry). She testified that plaintiff would be unemployable if she were to miss 2 days of work a month or she were to be off-task for 15% of the work day. (Tr. 48-53).

3. **State Agency Consultants' Mental RFC Assessment**

In August 2014, acting as a state agency consultant, M. W. DiFonso, Psy.D., assessed plaintiff's mental RFC based on a review of the file contents. She used an electronic version of an agency form that is commonly used for this purpose in social security cases. (Tr. 64-66). The form consists of a series of questions and a list of mental activities. The consultant is asked to rate the applicant's limitations in these areas.

Dr. DiFonso answered "yes" to the question "Does the individual have sustained concentration and persistence limitations?" She rated plaintiff as "moderately limited" in ability to carry out detailed instructions and in ability to maintain attention and concentration for extended periods. She also rated plaintiff as moderately limited in ability to interact appropriately with the public and ability to accept instructions and criticism from supervisors. In the section for narrative remarks, Dr. DiFonso wrote, "Cognitive and attentional skills are intact and adequate for simple one-two step as well as semi-skilled work tasks."

A second state agency consultant, Dr. Voss, agreed with Dr. DiFonso's analysis in March 2015. (Tr. 82-84).

## Analysis

Plaintiff argues that the RFC assessment was erroneous because it failed to account for her moderate limitation in maintaining concentration, persistence, or pace.

The ALJ's RFC assessment and the hypothetical question posed to the VE must both incorporate all of the limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). This is a well-established rule. See,

7

*Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)(collecting cases). If the ALJ finds that a plaintiff has a moderate limitation in maintaining concentration, persistence or pace, that limitation must be accounted for in the hypothetical question posed to the VE; in most cases, limiting the plaintiff to simple, repetitive tasks or to unskilled work is not sufficient to account for moderate concentration difficulties. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

Here, the ALJ found that plaintiff had moderate difficulties in maintaining concentration, persistence or pace at step three of the sequential analysis when determining whether plaintiff's mental impairments meet or equal a listed impairment. She noted that, while the step three determination is not a mental RFC assessment, the ultimate RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional analysis." (Tr. 19).

Further, the ALJ gave "considerable but not full weight" to the opinions of Drs. DiFonso and Voss. (Tr. 26). She noted that the "paragraph B" criteria regulations were amended in the interim between the doctors' reports and her decision, "which reduces the relevancy of [their] paragraph B criteria determination but does not affect their determinations of severity or their determined mental functional capacity." She noted that their opinions were generally consistent with the medical evidence. (Tr. 24).

Neither the hypothetical question posed to the VE nor the RFC assessment mentioned a limitation in concentration, persistence or pace. Rather, the ALJ limited plaintiff to simple, routine, tasks.

The Seventh Circuit has repeatedly held, with exceptions not applicable here,

that a limitation to simple, repetitive tasks or unskilled work does not adequately account for a moderate limitation in maintaining concentration, persistence or pace. In *Stewart, supra,* a case decided in 2009, the Court observed, "The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to 'simple' tasks, and we and our sister courts continue to reject the Commissioner's position." *Stewart*, 561 F.3d at 685. The Court has reaffirmed that position several times in recent years. *O'Connor-Spinner, supra; Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014); *Varga v. Colvin,* 794 F.3d 809, 814 (7th Cir. 2015); *Taylor v. Colvin,* 829 F.3d 799, 802 (7th Cir. 2016); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018), as amended on reh'g (Apr. 13, 2018).

The Commissioner attempts to distinguish *O'Connor-Spinner* and other similar cases on the basis that the ALJ here "did accommodate all limitations she found supported by the evidence." Doc. 22, p. 6. Her argument fails to respond to plaintiff's central point, which is that the ALJ and the state agency consultants found that plaintiff had a moderate limitation in maintaining concentration, persistence or pace.

The Commissioner also argues that the ALJ reasonably relied on the narrative portions of the state agency consultants' reports. Doc. 22, p. 7. However, the ALJ cannot simply ignore the consultant's answers to the questions in the first part of the mental RFC form. "Worksheet observations, while perhaps less useful to an ALJ than a doctor's narrative RFC assessment, are nonetheless medical evidence which cannot just be ignored." *Varga v. Colvin*, 794 F.3d 809,

816 (7th Cir. 2015). This argument is also somewhat of a red herring because the ALJ found that plaintiff had moderate difficulties in maintaining concentration, persistence or pace and said that the RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional analysis." (Tr. 19).

The Seventh Circuit has been very clear that a limitation to simple instructions or simple, routine tasks does not adequately account for a moderate limitation in maintaining concentration, persistence, or pace. "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620.

The ALJ's error requires remand. "If a decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir., 2012)(internal citation omitted).

The Court wishes to stress that this Memorandum and Order should not be construed as an indication that the Court believes that plaintiff was disabled during the relevant period, or that she should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying plaintiff's application for disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence <u>four</u> of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATE:   December 14, 2018.**

**s/ Clifford J. Proud**
**CLIFFIRD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**