IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY E. FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 18-cv-00989-DGW |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM and ORDER**

**WILKERSON, Magistrate Judge:**

The following motions are before the Court: 1) defendant's Motion to Vacate Order for Attorney's Fees **(Doc. 30)** and 2) defendant's earlier motion pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, Fed. R. Civ. P. 60. **(Doc. 25)**.

Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard,

1

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Defendant's argument simply relitigates his own interpretation of case law from his brief. Additionally, defendant is not seeking to alter or amend the judgment of the Court in any way. Defendant incorrectly used 59(e), and thus, his motion to alter or amend judgment is **DENIED**.

Further, even if defendant's motion was correctly presented under Rule 59(e), or Rule 60 for that matter, it still fails substantively. As stated in the Court's order, with emphasis added, "[t]he Seventh Circuit **has been very clear** that a limitation to simple instructions or simple, routine tasks does not adequately account for a moderate limitation in maintaining concentration, persistence, or pace." **(Doc. 23)**. "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). Said in another way, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. SSR 85-15.[1] Defendant conflates the two concepts incorrectly in a far-flung attempt to gain miniscule ground in the continuing battle between plaintiffs and ALJs over the language that ALJs use in their RFC findings to correctly encapsulate limitations.

The defendant's Motion to Vacate Order for Attorney's Fees is also **DENIED**. Since the defendant did not challenge the attorney's fees found in the

---

[1] This finding has been bolstered by more recent cases as well. See *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019).

Court's order granting attorney's fees, now that the motion to vacate is denied, the Court's order granting attorney's fees is not premature.

**IT IS SO ORDERED.**

**DATE: September 30, 2019.**

*Donald Wilkerson*
**DONALD G. WILKERSON
U.S. MAGISTRATE JUDGE**